

**U.S. Department of Justice**

*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

Address:
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

Mailing Address:
United States Attorney's Office
P.O. Box 1585
Madison, Wisconsin 53701-1585

October 31, 2011

Attorney Marcus J. Berghahn
Hurley, Burish & Stanton, S.C.
33 E. Main Street, Suite 400
P.O. Box 1528
Madison, WI 53701-1528

Attorney Stephen P. Hurley
Hurley, Burish & Stanton, S.C.
33 E. Main Street, Suite 400
P.O. Box 1528
Madison, WI 53701-1528

    Re:    *United States v. Bryan Cook*
             Case No.

Dear Attorneys Hurley and Berghahn:

       This is the proposed plea agreement between the defendant and the United States in this case.

       1.    The defendant agrees to waive indictment and plead guilty to Count 1 of the information filed by the United States Attorney's Office. This count charges a violation of Title 18, United States Code, Section 1341, which carries maximum penalties of twenty years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

       2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

October 31, 2011
Page 2

    3.    The defendant agrees to make a full, complete and truthful statement regarding his involvement in criminal conduct, as well as the involvement of all other individuals known to the defendant. The defendant agrees to testify fully and truthfully at any trials or hearings. The defendant understands that this plea agreement is not conditioned upon the outcome of any trial. This agreement is, however, contingent upon complete and truthful testimony in response to questions asked by the Court, the prosecutor or lawyers for any party.

    4.    If the defendant provides substantial assistance before sentencing, the United States agrees to move the Court to impose a sentence reflecting that assistance. If the defendant provides substantial assistance after sentencing, the United States agrees to move the Court pursuant to Federal Rule of Criminal Procedure 35 to reduce the defendant's sentence to reflect that assistance. The decision whether to make such a request based upon substantial assistance rests entirely within the discretion of the United States Attorney's Office for the Western District of Wisconsin. The defendant acknowledges that even if the United States makes such a request, the Court is not required to reduce the defendant's sentence.

    5.    The United States further agrees that the defendant's statements made pursuant to this plea agreement will not be directly used against the defendant. However, direct use of financial disclosures made by the defendant pursuant to this plea agreement is permitted. Moreover, indirect use of all statements is permitted. This indirect use includes pursuing leads based upon information provided by the defendant, as well as the use of the statements themselves for impeachment and rebuttal purposes, should the defendant, at any point, be allowed to withdraw his guilty plea. These indirect uses are permitted if the defendant testifies inconsistently with the substance of these statements or otherwise presents a position inconsistent with these statements.

    6.    The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the provisions of USSG § 1B1.8 apply to this case and that information provided by the defendant under the terms of this plea agreement will not be used to determine his sentence, except as otherwise indicated in USSG § 1B1.8(b).

    7.    The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States

October 31, 2011
Page 3

Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8.  The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG §3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before ~~November 14, 2011.~~ December 9, 2011

9.  The parties agree that the appropriate restitution figure based upon the defendant's relevant conduct in this case is $56,863.88 payable to FIS (the successor to Metavante). The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith (see *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999)) from the liquidation of all non-exempt assets (see 18 U.S.C. § 3613(a)), beginning immediately.

10. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

11. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

12. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

13. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his

October 31, 2011
Page 4

signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

        14.    All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

        Very truly yours,

        JOHN W. VAUDREUIL
        United States Attorney

        By: _____

3-1-12
Date

        TIMOTHY M. O'SHEA
        Assistant United States Attorney

_____    December 7, 2011
STEPHEN P. HURLEY or MARCUS J. BERGHAHN    Date
Attorney for the Defendant

_____    12/7/11
BRYAN COOK    Date
Defendant

Enclosure